UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
CARL D. JEFFERSON,                 )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. No. 19-126 WES
                                   )
BANK OF AMERICA, N.A. and or its   )
successors and assigns, and        )
PAUL MILITELLO,                    )
        Defendants.                )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, District Judge.

Before the Court are Bank of America, N.A.'s and Paul Militello's (collectively "Defendants") Motions to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF Nos. 19, 22. For the reasons that follow, the Defendants' motions are GRANTED.

I.  Background

This action stems from a mortgage that Carl D. Jefferson ("Plaintiff") executed upon his property in Cranston, Rhode Island ("the Property") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") on March 29, 2004. Compl. ¶¶ 8-9, ECF No. 1. MERS assigned the mortgage to Countrywide Home Loans Servicing, LP ("Countrywide") on January 28, 2009. Id. ¶ 11. Bank of America, N.A. ("BOA") is the successor by merger to Countrywide and was the

mortgagee of the mortgage on the Property at the time of the foreclosure. Mem. of Law in Supp. of Mot. to Dismiss ("BOA's Mot. to Dismiss") 2, ECF No. 19-1. Jefferson defaulted on the mortgage and BOA initiated a foreclosure action culminating in a foreclosure sale of the Property on November 28, 2016. Id. at 2-3.

On March 9, 2017, BOA deeded the Property to itself by a foreclosure deed. Id. BOA subsequently sold the Property to Paul Militello ("Militello") by a Special Warranty Deed on May 1, 2017. Id. Jefferson alleges that during these foreclosure proceedings, BOA failed to provide him with proper notice of his rights under R.I. Gen. Laws § 34-27-3.2. Compl. ¶¶ 1-2.

On March 11, 2019, Jefferson filed this action against BOA and Militello with a prayer of relief that, inter alia, this Court declare the foreclosure proceedings void and declare Jefferson the rightful owner of the Property. Compl. ¶ 41. Plaintiff's Complaint pleads three claims: breach of mortgage contract (Count I), violation of R.I. Gen. Laws § 34-27-3.2 (Count II), and quiet title of the Property (Count III). On August 20, 2019 and September 13, 2019, respectively, Defendants BOA and Militello filed motions to dismiss the Complaint.[1]

---

[1] While Defendant Paul Militello filed his own Motion to Dismiss, it was not accompanied by a Memorandum of Law in Support, but rather it incorporated by reference all of the arguments set forth by Defendant BOA in its Motion to Dismiss and Memorandum of Law in Support. See Militello's Mot. to Dismiss, ECF No. 22.

II. Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[T]he standard is plausibility assuming the pleaded facts to be true and read in a plaintiff's favor." Klunder v. Tr. & Fellows of Coll. or Univ. in English Colony of Rhode Island & Providence Plantations, No. C.A. 10-410 ML, 2012 WL 5936565, at *1 (D.R.I. Nov. 27, 2012) (quoting Sepulveda–Villarini v. Dep't of Educ. of Puerto Rico, 628 F.3d 25, 30 (1st Cir. 2010). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

"Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Barkan v. Dunkin' Donuts, Inc., 520 F. Supp. 2d 333, 335–36 (D.R.I. 2007) (quoting Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir.2001)). However, courts may make an exception "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central

3

to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Id. (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).

III. Discussion

A. Count I: Breach of Contract

In the Complaint, Plaintiff alleges that BOA breached the terms of the mortgage contract pertaining to the Property. Specifically, that BOA breached Paragraphs 10 and 18. Compl. ¶¶ 12, 16-17, 23-25. Defendants argue that Plaintiff has failed to allege any facts that would constitute a breach of Paragraph 10 the mortgage contract. BOA's Mot. to Dismiss 6.

Paragraph 10 of the mortgage, entitled "Reinstatement", provides the mortgagor with the right to reinstatement of the mortgage if the mortgagor provides a lump sum of all amounts required to bring the account current. Compl. ¶ 16. Plaintiff fails to present a cognizable claim for breach of this section because the Complaint lacks any allegation that Plaintiff engaged his right to reinstatement by offering a lump sum payment, in any amount, to BOA or any previous mortgagee.

Plaintiff's claim for breach of Paragraph 18 of the mortgage contract also fails.[2] Paragraph 18, entitled "Foreclosure

---

[2] Although Defendants do not specifically address Plaintiff's allegation regarding Paragraph 18 of the mortgage contract in the Motion to Dismiss, they ask that the Complaint be dismissed in its entirety. BOA's Mot. to Dismiss 9.

4

Procedure", places upon the mortgagee a duty to mail a copy of the notice of sale to the mortgagor and publish said notice prior to the foreclosure sale of the property. Id. ¶ 21. Defendant BOA recorded an Affidavit of Sale with the City of Cranston on March 22, 2017. See Affidavit of Sale 1-3, ECF No. 19-5. This affidavit provides detailed statements regarding BOA's mailing of notice to Plaintiff and publication of the foreclosure sale.[3] See id. Accordingly, Plaintiff has failed to state a claim as to breach of Paragraph 18.

B. Count II: Violation of R.I. Gen. Laws § 34-27-3.2

Plaintiff alleges that BOA violated R.I. Gen. Laws § 34-27-3.2 by failing to provide him with proper notice that it could not foreclose on the Property without first participating in a mediation conference. Compl. ¶¶ 30-31. Defendants argue that the statute does not apply to the mortgage on the Property, as the date of default was before May 16, 2013, and further, that the claim is time barred. BOA's Mot. to Dismiss 7-8.

R.I. Gen. Laws § 34-27-3.2(p) precludes a "mortgagor, or any other person claiming an interest through a mortgagor, from

---

[3] Because the Affidavit of Sale is a public record, the Court may consider it in resolving a motion to dismiss for failure to state a claim under Rule 12(b)(6). See Barkan v. Dunkin' Donuts, Inc., 520 F. Supp. 2d 333, 335–36 (D.R.I. 2007)(quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)); see also Kirtz v. Wells Fargo, No. 12-cv-10690-DJC, 2012 WL 5989705, at *5, n.1 (D. Mass. Nov. 29, 2012) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).

5

subsequently challenging the validity of the foreclosure" if the mortgagor fails to file a complaint with the Rhode Island Superior Court within one year of the date that the first notice of foreclosure was published. Plaintiff's complaint was filed with this Court on March 11, 2019, more than one year after the first notice of foreclosure was published on November 7, 2016. Affidavit of Sale 2. Accordingly, Plaintiff's claim under R.I. Gen. Laws § 34-27-3.2 is time barred.

C.   Count III: Quiet Title

Defendants argue that Plaintiff's Complaint fails to set forth a cognizable claim that he has quiet title to the Property. BOA's Mot. to Dismiss 9. The Court agrees. Even if the foreclosure sale is void due to alleged violation of Rhode Island law or the terms of the mortgage, Plaintiff has not alleged that he has legal title to the Property, which "is an essential element of a quiet title action." Stamatakos v. Wells Fargo Bank, Nat'l Ass'n, No. CV 17-062 WES, 2018 WL 1441233, at *7 (D.R.I. Mar. 22, 2018) (citing Lister v. Bank of Am., N.A., 790 F.3d 20, 24 (1st Cir. 2015)). As long as the debt continues to exist, the mortgagee holds legal title to the Property. See Bucci v. Lehman Bros. Bank, FSB, 68 A.3d 1069, 1078 (R.I. 2013). Here, Plaintiff fails to allege that the mortgage debt has been paid in full. Therefore, Plaintiff fails to state a claim as to Count III.

6

IV. Conclusion

For the foregoing reasons, Defendants' Motions to Dismiss, ECF Nos. 19, 22, are GRANTED. Counts I and III are DISMISSED WITHOUT PREJUDICE. Count II is DISMISSED WITH PREJUDICE as time barred.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
District Judge
Date: February 10, 2020